

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 12, 1961

Miss Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. WW-1090

Re: Whether the Commissioner's
Court, without paying com-
pensation therefor, can re-
quire a gas pipeline company
to encase in metal and vent
its pipeline under the facts
stated.

Dear Miss Cisneros:

You have requested the opinion of this office on the following question:

"May the Commissioner's Court, with-
out paying compensation therefor, require
a gas pipeline company to incase in metal
and vent its pipeline under and across a
road which is to be paved, not only across
the right-of-way of such road in existence
at the time such pipeline was laid, but in
addition, to incase in metal and vent such
pipeline lying across and under the contig-
uous right-of-way thereafter acquired by
the County for the purpose of widening such
road?"

As we understand your question and the factual sit-
uation which prompted its submission, the pipeline in question,
at the time it was laid, crossed beneath an existing roadway
which is under the jurisdiction of the Commissioner's Court of
Willacy County and sometime thereafter the Commissioner's Court
acquired additional right-of-way for the purpose of widening
and improving the existing roadway. The contemplated improve-
ment of the roadway requires that the pipeline be enclosed in
metal casing and vented.

The situation raised by the facts presented requires
that we consider the pipeline that must be encased and vented
in two distinct catagories, to wit: (1) that portion under the
existing roadway and (2) that portion under the additional

right-of-way which was acquired after the pipeline was in place.

Having placed its transmission lines under the existing roadway subsequent to the effective date of Article 1436b of Vernon's Civil Statutes, the pipeline company in question is subject to the provisions and requirements of this Article, which provides in part as follows:

> ". . . The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners Court, as the case may be, may require any such person, firm or corporation or incorporated city or town at its own expense to relocate its pipes, mains, conductors or other fixtures for conducting gas on a state highway or county road outside the limits of an incorporated city or incorporated town so as to permit the widening or changing of traffic lanes, by giving thirty (30) days written notice to such person, firm or corporation or incorporated city or town and specifying the facility or facilities to be moved and indicating the place on the new right-of-way where such facility or facilities may be placed. Such person, firm or corporation or incorporated city or town shall replace the grade and surface of such road or highway at its own expense."

Consequently, it is our opinion that the portion of the pipeline which passes under the roadway as it existed prior to the acquisition of the additional right-of-way is governed by our holding in WW-961 (November 18, 1960) and the language therein quoted from State v. City of Austin, ___ Tex. ___, 331 S.W.2d 737 (1960) and you are hereby advised that the pipeline company can be required to encase and vent this portion of its pipeline at its own expense and without compensation from the county.

The remaining portion of the pipeline affected by the planned improvement and widening program, i.e., that portion passing under the additional right-of-way acquired by the county in order to effectuate the widening and improvement of the roadway, presents a different question.

As your request indicates, the pipeline company had acquired an easement for its pipeline under the property adjacent to the existing roadway prior to the time such property was acquired by the county as part of the right-of-way.

Section 17 of Article I of the Constitution of the State of Texas provides that:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; . . ."

Since the existing easement of the pipeline company was not condemned or otherwise acquired by the county at the time the additional right-of-way in which it now lies was acquired, any requirement that this portion of the pipeline be encased and vented would be a taking of the pipeline company's easement and is prohibited by Section 17 of Article I of the Constitution of the State of Texas unless adequate compensation is paid to the pipeline company. See WW-125 (May 22, 1957) and WW-1004 (March 6, 1961).

Therefore, you are advised, that in our opinion the pipeline company in question cannot be required to encase and vent that portion of its pipeline which lies within a prior easement under the property acquired by the county for roadway improvement and widening purposes without compensating the pipeline company therefor.

## S U M M A R Y

The Commissioner's Court is authorized to require a pipeline company to encase and vent that portion of its pipeline which crosses under an existing roadway at the pipeline company's own expense and without reimbursement, but the Commissioner's Court cannot require the pipeline company to encase and vent that portion of its pipeline which lies in a pre-existing

easement under property acquired for the
improvement of such roadway without com-
pensating the pipeline company therefor.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
John Leonarz
Linward Shivers
Marvin F. Sentell

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt